```
```

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FEB - 5 2008

DAVID J. MALAND, CLERK
BY
DEPUTY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 4:01CR24 |
| v. | § | |
| | § | |
| LUPE MONTERO III | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on January 29, 2008, to determine whether the Defendant violated his supervised release. The Defendant was represented by Robert Arrambide. The Government was represented by Ernest Gonzalez.

On August 10, 2001, the Defendant was sentenced by the Honorable Paul Brown, United States District Judge, to seventy (70) months custody, followed by a three (3) year term of supervised release for the offense of Bank Robbery. On June 9, 2006, the Defendant completed his period of imprisonment and began service of his supervised term. On December 5, 2007, this case was reassigned to the Honorable Richard Schell, United States District Judge.

On December 13, 2007, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision. The petition asserted that Defendant violated the following conditions: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (3) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment; (4) Defendant shall notify the probation officer within seventy-

two hours of being arrested or questioned by a law enforcement officer; (5) Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring lawful employment; (6) Defendant shall pay restitution in the amount of $22,328 on a monthly basis at the rate of at least 10% of Defendant's monthly gross income; and (7) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless Defendant is in compliance with all financial obligations imposed by this judgment.

The petition alleges that Defendant committed the following violations: (1) On September 25, 2007, Defendant was arrested by the Irving Police Department for the offense of Assault/Family Violence, a Class A misdemeanor; (2) Defendant failed to report in person to the U.S. Probation Office on October 26, 2007, and Defendant failed to submit a written monthly report within the first five days of the month for the months of August, September, and October 2006, and March, April, July, and September 2007; (3) Defendant failed to notify the U.S. Probation Office ten days prior to his change in residence, and, as reported on an Irving Police Department incident report, Defendant had been residing at 501 Erikson Trail, Irving, Texas, since on or about April or May 2007; (4) Defendant failed to notify U.S. Probation of his arrest by the Irving Police Department within seventy-two hours, but Defendant disclosed the arrest on his written monthly report received on October 10, 2007; (5) Defendant failed to submit employment pay stubs to verify employment and income earned for the months of August, September, and December 2006, January, March, April, May, June, and September 2007, as instructed; (6) while employed at Western Pipeline Corporation in Irving, Texas, Defendant grossed $47,342.50 from March 2007 through the pay period ending August 3, 2007; between April and August 2007, Defendant submitted four restitution payments totaling $500, and on August 24, 2007, Defendant's payment agreement was updated and he agreed to pay 10% of his gross income or $250 monthly, whichever is greater, and the outstanding

2

restitution balance is $21,543; (7) during May 2007, Defendant secured an auto loan through Compass Bank in the amount of $21,568 without the approval of the U.S. Probation Office, during August 2007, Defendant obtained an unsecured line of credit for the amount of $10,050 for an unknown item, and during July 2007, Defendant opened two charge accounts with Wells Fargo Financial Bank and GE Money, without approval of the U.S. Probation Office.

Prior to the Government putting on its case, the Defendant entered a plea of true to all alleged violations except the allegations regarding his violation of federal, state or local law. Defendant further waived allocution before the district judge. At the hearing, the Court recommended that Defendant's supervised release be revoked and recommended a sentence within the proposed range.

## **RECOMMENDATION**

The Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, to run consecutively with any other sentence being served, with thirty (30) months of supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in the Bureau of Prisons facilities located in or around Fort Worth, Texas.

**SIGNED** this ____ day of _____, 2008.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

3